CHARACTER, PLAINTIFF-APPELLEE, *v.* HENDERSON,
DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26538.   Decided January 23, 1964.

66

*Messrs. Frank V. Opaskar, G. A. Corso* and *Louis Chapek*, for plaintiff-appellee.

*Messrs. Gillespie, Terry & Character*, for defendant-appellant.

CORRIGAN, J. Appeal is perfected in this case on questions of law from a verdict and judgment for plaintiff-appellee, hereinafter referred to as plaintiff, in the Cuyahoga County Common Pleas Court. The action was based on the theory of negligence and arose out of an intersection collision between two vehicles, in one of which plaintiff was a passenger. The intersection was controlled by an electrical traffic control signal. The decedent, Jesse Henderson, died before the trial, and the case was revived against his administratrix, Dorothy Henderson.

Defendant-appellant, hereinafter referred to as defendant, complains of error in the trial in ten respects:

1. That the verdict of the jury was against the manifest weight of the evidence.

2. That the verdict of the jury is contrary to law.

3. That the verdict is unsupported by the evidence.

4. That the court erred in refusing to give instructions No. 1, 2 and 3 requested by the defendant.

5. That the verdict was inspired by passion and prejudice and was excessive.

6. That the court erred in permitting testimony to be introduced pertaining to the birth of the child, when there was no claim made in the petition claiming any irregularity.

7. The court erred in admitting evidence concerning the issuance of the summons to the defendant to prejudice decedent and impassion the jury.

8. The Court erred in refusing to permit the blackboard, which was offered and admitted as an Exhibit, to go to the jury room.

9. The Court erred in permitting the answers to improper hypothetical questions submitted by plaintiff's counsel.

10. For errors in admission and conclusion of evidence and/or Exhibits as shown by the record.

We will first consider Assignment of Error No. 4. As to the first branch of this claim of error, special charge No. 1 requested by defendant and refused by the court reads as follows:

"The Court instruct you that the driver of a motor vehicle has the right to proceed across an intersection if any portion of his car has entered into the intersection while the traffic signal at such intersection is either green or yellow (caution) for traffic in a direction in which he is moving.

"I therefore say to you, that if any part of defendant's vehicle entered into the intersection of East 79th Street and Quincy Avenue, going in a westerly direction at a time when the traffic control signal at said intersection was either green or yellow (caution) that the defendant had a right to continue operating his vehicle across said intersection without interruption."

This request for a special charge is not a correct statement of the law in view of the provisions of Section 4511.13, Revised Code, and the state of the evidence regarding the entering of decedent's vehicle into the intersection. The trial court properly refused this request.

The second branch of defendant's claim of error No. 4 relates to the failure of the trial court to give the following special request of defendant to charge before argument:

"I charge you, ladies and gentlemen, that the law requires

plaintiff to prove all material elements of plaintiff's case by a preponderance of all the evidence. This includes proof of the injuries claimed to have been sustained and their proximate causal relationship to the accident set forth in plaintiff's petition.

"So if you find by a preponderance of all the evidence in favor of the plaintiff, you will in considering damages consider only those damages which have been proven by a preponderance of all the evidence to be caused proximately by the accident and exclude any injuries or physical defects which have not been proven by the preponderance of all the evidence to be proximately caused by said accident."

This is a correct statement of the law pertinent to an issue in this case and should have been given by the trial court. There was a conflict of medical testimony in the record as to whether or not a ganglion which appeared on the back of plaintiff's right hand at the wrist some months after the accident was proximately caused by said accident. It was removed surgically by a surgeon approximately nine months after the accident. The surgeon testified that his physical examination prior to surgery revealed a two centimeter mass at that point on the hand. The report of the operation in the hospital stated that the incision of one inch plus was made over a one centimeter mass. The same surgeon testified that in his opinion, based upon a reasonable medical certainty, the accident was a proximate precipitating cause of the appearance of the ganglion on the connective tissue of plaintiff's right wrist.

An examining physician for defendant who examined plaintiff on September 22, 1958, about a month and a half after the accident, testified that he found no evidence at that time of any formation of a ganglion in or about the right wrist. He also testified that plaintiff told him that she had had some soreness about her forearm and wrist before he examined her. This physician, testifying as a witness for the defendant, gave as his expert opinion that the ganglion later discovered was not due to trauma sustained in the accident of August 4, 1958. The plaintiff received emergency treatment at Polyclinic Hospital after the accident on August 4, 1958, and the diagnosis at that time was "Slight muscle strain left side."

It is our determination that the failure to give this charge at defendant's request was prejudicially erroneous to the substantial rights of defendant.

The special charge requested by defendant and refused by the trial court which is the basis of branch No. 3 of this claim of error was correctly rejected by the trial judge because it was in part, repetitive of the previous request quoted immediately above.

Going now to Assignment of Error No. 7, we find the following testimony in the record concerning the issuance of a traffic summons to the decedent after the accident by investigating police officers. The first excerpt is from the evidence given by Patrolman John Yezerski of the Cleveland Police Department.

"* * *

"Q. Officer, would you tell me what you did at the time of your investigation?

"A. On investigation, when we completed our investigation, we transferred Jesse Henderson - -

"MR. OPASKAR: Objection. Just a minute.

"THE COURT: Yes, you may tell in your own words, Officer, just exactly what you did as you arrived at the scene, what you saw, what you heard, and then stop. Just in your own words you may tell what you did or saw or heard. You are limited to that. Because you were not there when it happened, were you?

"WITNESS: No, sir.

"THE COURT: You were called by radio, I take it.

"WITNESS: Yes, sir.

"THE COURT: Tell in your own words what you saw and heard while you were there. You are limited to that, now, by the rules.

"A. I issued a traffic summons - -

"MR. OPASKAR: I object to anything like that.

"THE COURT: What you saw and heard.

"MR. CHARACTER: He is saying what he did.

"THE COURT: That doesn't mean you are guilty because an officer gives a ticket. But I am telling you what you saw and heard now. Hold it down to that, position of cars, who you talked to there.

"THE WITNESS: I can't recall now.

"* * *

"Q. I would like to ask you at this time, after refreshing your memory with the report, to tell me what you did at the scene of the accident or anything you now recall you did at that time.

"A. We interviewed both parties involved.

"THE COURT: You and Schaefer together?

"THE WITNESS: Patrolman Schaefer and myself.

"THE COURT. Were you together when you interviewed?

"THE WITNESS: Yes, your Honor.

"THE COURT: All right. Go on.

"A. And then Patrolman Schaefer wrote out this report. While he was writing out the report I wrote out a traffic summons for - -

"MR. OPASKAR: Objection to any traffic summons.

"THE COURT: Let it stand because it is not prejudicial. The fact he wrote a summons out means nothing, with having to do with the man's guilt or innocence.

"Q. You wrote out a summons to whom, Officer?

"MR. OPASKAR: Objection.

"A. Jesse Henderson.

"THE COURT: Let him show what he did now, means nothing to liability here, if anything, help the officer clarify what he did.

"Q. You recall anything else you did at that time?

"A. No, sir, I cannot.

"* * * *"

Obviously, from that series of questions and answers and the colloquy between the court and counsel, the police officer believed that Jesse Henderson was at fault in the accident and issued a summons requiring him to appear in Traffic Court. The question as to where the fault lies in a civil case is the ultimate question for a jury to decide under proper instructions, and the opinion of a witness, directly or by implication, which in effect determines that question, is improper, and if permitted is prejudicially erroneous to the party against whom the opinion is directed.

It is urged in plaintiff's brief that the court below ordered the jury to disregard the testimony as to what the officers did

in issuing the summons and further ordered the same stricken from the record. This is the pertinent excerpt in that regard from the testimony of the second police officer, Patrolman Frank Schaefer, who followed Patrolman Yezerski on the witness stand at the afternoon session of the trial on April 16, 1963:

"Q. Did you talk with the parties involved in the accident?

"A. Yes.

"Q. Did you talk with them together?

"A. Yes.

"Q. What else did you do at the time of the accident?

"A. In addition to making out the accident report form we issued a citation.

"MR. OPASKAR: Objection. Not trying a police court case.

"THE COURT: I know, but what the officers did, it is part of the whole. The fact a man was issued a citation - -

"MR. OPASKAR: Exception.

"THE COURT: - - or the fact he was arrested has nothing to do with his guilt.

"MR. OPASKAR: They are investigators, not judges.

"THE COURT: I don't think it is prejudicial. Anybody can be arrested whether or not guilty; is that true, Officer?

"THE WITNESS: That is very true.

"THE COURT: Sure, that is the law. You got to be arrested and convicted. But it is true. I say that is what they did in that case.

"MR. OPASKAR: Exception.

"THE COURT: They acted upon what they were told there. They didn't see it. So it is not prejudicial.

"Q. You may finish the statement you started before the - -

"A. In addition to making the accident report we issued a citation to the driver of car - -

"MR. OPASKAR: Objection as to who he issued a citation to.

"THE COURT: I will hear it, strike it out what they did. Jury will disregard it.

Gentlemen, - - as my theory, but the jury could be influenced by that, but I said the fact a man or woman is arrested has nothing to do with their guilt however.

"MR. CHARACTER: Exception to the ruling.

"* * *."

In our opinion, the prejudicial error in admitting the previous testimony of Patrolman Yezerski was not cured by the trial court's statement made, as indicated supra, in the course of Patrolman Schaefer's testimony.

Following the testimony of the two police officers and in connection with the plaintiff's case, plaintiff called as a witness, William H. Brewer, a deputy clerk in the Cleveland Municipal Court, Criminal Branch, who was one of several persons having custody of criminal court records and dockets. Interrogation on direct examination proceeded, in part, as follows:

"Q. Have you, pursuant to a subpoena, brought with you the records pertaining to Case No. 651, 991 the same being City of Cleveland versus Jesse Henderson?

"A. I have the Judge's docket.

"Q. Judge's docket?

"A. Yes.

"Q. Would you explain to the jury what the Judge's docket is, please?

"A. This is a book in which the judge makes the entry, describing the finding, whether the defendant is guilty or not guilty, and the sentence that is imposed.

"Q. Now calling your attention to September 22, 1958, is there an entry in the case that I have just referred to?

"MR. OPASKAR: Just yes or no.

"THE COURT: Is there an entry? Yes or no.

"A. The entry I have here—that is correct. Yes.

"Q. Would you tell us what the entry is?

"MR. OPASKAR: Objection. Wait a minute. Let me see it.

"I want to be heard on this."

At this point there was an extended argument by counsel to the court out of the hearing of the jury. It was considered over night and the following morning the offer of witness Brewer's prospective testimony about a plea being entered on a judge's docket in the Municipal Court of Cleveland in the case of *City of Cleveland* v. *Jesse Henderson* on September 22, 1958, was withdrawn by counsel for plaintiff. No explanation was given

to the jury, and they were not instructed to disregard Mr. Brewer's preliminary testimony relating to that point. While a plea of guilty on behalf of the defendant, Jesse Henderson, to a charge of traffic violation in connection with the collision between the two cars, which is the subject of this lawsuit, would probably have been properly admissible as an admission against interest, still the apparent effort to establish the fact of this plea as such admission was not handled properly. When witness Brewer's testimony is considered in connection with the police officers' testimony, we are constrained to conclude that the trial court permitted immaterial and irrelevant evidence to be heard by the jury which was prejudicial to defendant's substantial rights and constituted prejudicial error.

We find no error in considering the defendant's other assignments of error.

For the reasons stated, the judgment of the Court of Common Pleas is reversed, and the cause remanded for further proceedings in accordance with law.

Exceptions. Order see journal.

KOVACHY, P. J., ARTL, J., concur.