Duncan H. GALBREATH, Plaintiff-
Respondent,
v.
Cynthia GALBREATH, Defendant-
Appellant.
No. 34233.

Missouri Court of Appeals,
St. Louis District.

April 25, 1972.

Motion for Rehearing or for Transfer to Supreme Court Denied May 18, 1972.

Application to Transfer Denied July 17, 1972.

Donald R. Wilson, St. Louis, for defendant-appellant.

Frank Mashak, St. Louis, for plaintiff-respondent.

BRADY, Chief Justice.

Defendant appeals from the judgment of the trial court awarding plaintiff a divorce. The decree contained a finding there were no children born of his marriage to defendant.[1]

There is no contention the evidence is insufficient to support the decree of divorce. Defendant's allegations of error are directed instead to: (1) the refusal of the court to grant her a continuance, and (2) the sufficiency of the evidence to warrant a finding that no children were born of the marriage. Accordingly, only the facts relating to those issues will be set forth.

At the outset of the trial, the court asked if the parties were ready. Defendant's counsel announced he was not ready. When asked why he so announced defendant's then counsel (who has since withdrawn from the case) replied that the only reason he could give was that "[t]he defendant advised me by phone that she is only up to one trial per week, and that she attended a juvenile matter with her son last week in St. Louis County, and that she would be unable, therefore, to be here this

---

1. Defendant filed a cross bill for divorce which was subsequently dismissed. No issue is raised concerning that action.

afternoon." The trial court then denied the oral request for a continuance.

There is no real dispute as to the facts. Plaintiff testified he first met defendant on September 10, 1969, and they married on October 4, 1969. Plaintiff did not know defendant was then pregnant, and didn't discover that fact until defendant told him near Thanksgiving of that year. Prior to this defendant had told plaintiff she had a tumor for which she was being treated by a doctor. Plaintiff only went to the doctor with defendant on one occasion and that time he waited outside in the car. All the doctor's bills were mailed directly to defendant and she always paid them. Defendant gave birth to a son January 11, 1970, after a full term pregnancy. Plaintiff testified he was not the father of the child. Without objection plaintiff introduced interrogatories to and answers by defendant. One of the interrogatories asked who was the father of the child and when was the child conceived. The corresponding answer stated: "Ivan A. Bruder, first part of May, 1969." Defendant did not offer any evidence.

In the decree awarding plaintiff a divorce the following appears: " * * * the Court finds that there were no children born of this marriage, and finds that plaintiff is not the father of the child mentioned in the pleadings herein; * * *."

■ The trial court's action upon defendant's request for a continuance is subject to our reversal only if its discretion in that regard was unsoundly exercised. Clinton v. Clinton, Mo.App., 444 S.W.2d 677; Krieber v. Krieber, Mo.App., 420 S. W.2d 376; Van Fleet v. Van Fleet, Mo. App., 253 S.W.2d 508. We do not so view it. This was not a case where a default decree was entered. Defendant had filed her answer and cross bill and her counsel was present and cross examined plaintiff.

Compare Hartle v. Hartle, Mo.App., 184 S.W.2d 786. See Carr v. Carr, Mo.App., 308 S.W.2d 357. Taking defendant's only stated reason for her non-appearance at face value it certainly would have been difficult for defendant's counsel to file a written verified application for a continuance in compliance with Civil Rule 65.03, V.A.M.R. In any event, there was not even a request for time to attempt such a task. The only reason given by defendant to support her request for a continuance is manifestly insufficient to require us to hold that by denying the oral request for a continuance the trial court abused its discretion.

■ Neither can we agree there was insufficient evidence to support the trial court's finding there were no children born of this marriage. Defendant's answers to the interrogatories were sworn to by her. It has been held that an answer to an interrogatory constitutes a judicial admission of fact. McCallum v. Executive Aircraft Co., Mo.App., 291 S.W.2d 650. While this might seem the correct rule to this writer, other cases, while not directly so ruling, have indicated the contrary. See In re L———, Mo.App., 461 S.W.2d 529. It is unnecessary to herein resolve either that problem or to decide whether a presumption of legitimacy can exist where the only evidence is that the child was fathered by another and conceived some four months before plaintiff even met the defendant. It is sufficient to state that, at the very least, the answers to the interrogatories, when considered in the light of plaintiff's uncontradicted evidence and when allowed to stand without explanation (compare In re Estate of Jeffries, Mo., 427 S.W.2d 439[4]), constitute sufficient evidence to support the trial court's finding.

The judgment is affirmed.

WEIER, and CLEMENS, JJ., concur.