Danny Gene WILLS, by his next friend,
Billy Gene Wills, Appellants,
Appellants,

v.

TOWNES CADILLAC–OLDSMOBILE,
INCORPORATED, Respondent.

No. 56517.

Supreme Court of Missouri,
Division No. 1.

Feb. 12, 1973.

Albert C. Lowes and Joe T. Buerkle, Buerkle, Buerkle & Lowes, Jackson, for appellants.

Jack O. Knehans, Finch, Finch, Knehans & Cochrane, Cape Girardeau, for respondent.

JAMES H. KEET, Jr., Special Judge.

Appellants (plaintiffs) appeal (prior to January 1, 1972) from judgment on jury verdict for respondent (defendant) in an action for damages arising out of a collision on July 23, 1969, between defendant's automobile allegedly driven by its car salesman Robert McClary within the scope of his employment and a bicycle ridden by Danny Gene Wills, the minor plaintiff (born November 23, 1961). Count I, for the child by his next friend, prayed $27,500 damages. Count II, for his parents, prayed $10,000 damages for their losses and medical expense. This court has jurisdiction under Section 3, Art. V, Missouri Constitution 1945 as amended, V.A.M.S., and Section 477.040, RSMo 1969, V.A.M.S., the amount in controversy being over $30,000, exclusive of costs. Plaintiffs urge a number of trial errors which they assert entitle them to a new trial. Defendant contends that plaintiffs failed to make a submissible case on the issue of agency and scope of employment of McClary.

### Agency and Scope of Employment

Plaintiffs had the burden of proving not only that McClary was defendant's agent, but also that he was acting within the scope of his employment. Chandler v. New Moon Homes, Inc., Mo., 418 S.W.2d 130, 133. If they failed to sustain this burden, the trial errors, if any, are immaterial

and the judgment must be affirmed. Osborn v. McBride, Mo., 400 S.W.2d 185. The evidence warrants findings of fact set out herein.

McClary was a car salesman for defendant and had sold cars all of his life. At the time of the occurrence he was driving defendant's car, an Oldsmobile with 4,000 miles on it and in perfect condition, which the jury could reasonably infer was a "demonstrator". He had the privilege of using it (and any other car of defendant he had) in any way and at any time he pleased, for business or pleasure. In connection with his duties he had the privilege of driving the car, and was called upon to sell and did sell cars at various times in the day and night and had no regular office hours.

On the day in question McClary had returned from a vacation trip at Lake Taneycomo with his wife, Walter Crawford and Mrs. Crawford (sister of Mrs. McClary). While there, they had gotten word of the death of a sister of McClary and had started back, with Crawford driving the first half of the way back. McClary had previously sold cars to Crawford. McClary testified that while he was on the trip he did not "engage at any time in any business on behalf of" defendant. He let the Crawfords out at their home in Scopus and proceeded to his brother Ed's home in Jackson to check on funeral arrangements. He testified that the intended visit was not "connected with" his employment by defendant. He customarily visited Ed three or four times a month. It was on the way to Ed's that the accident occurred.

In a prior suit by plaintiffs against defendant and McClary for damages arising out of the accident, defendant's then general manager and treasurer had answered plaintiffs' interrogatories under oath, stating that defendant owned the car at the time of the occurrence and, as to whether it was "operated by an agent or employee of yours acting in the scope of his employment" (Interrogatory 3), had answered "Yes". Plaintiffs dismissed the prior suit just before trial because a crucial witness was unavailable. The present action was then filed. The pleadings in the previous case are not in the transcript, which does not reflect whether agency and scope of the employment were therein denied by the then defendants. In the refiled action, the defendant denied generally the allegations of agency and scope of the employment. Shortly before the trial plaintiffs dismissed as to McClary. At trial the said interrogatories and answers (which had never been amended or withdrawn) were received in evidence, over objections that they were in the previous case, McClary's deposition established that McClary was on a vacation trip, defendant's answer expressly denied agency, and the answers were not supported by any of the facts. Defendant did not deny at trial that it made the answer to Interrogatory 3. Defendant's attorney stated (outside the jury's presence) that the answers to the interrogatories were penned in by the insurance adjuster and that the attorney prepared the answer after he had just gotten the file and before he knew what the facts were and he "assumed the agency". Defendant made no objection to plaintiffs reading into evidence excerpts from a deposition given by McClary while the first suit was pending.

The court allowed plaintiffs' attorney to read into evidence a letter from defendant's attorney mailed to plaintiffs' attorney just after the first suit was filed, which first discussed matters of tire marks, distances, etc., inquired into by the interrogatories in the first case and then said, "Robert L. McClary was admittedly in the course of his employment, he was the driver of the vehicle". Defendant's attorney concedes that a party's attorney may bind his client by statements in a letter, but that such would not bind the client in the refiled litigation where agency is denied.

 The evidence is clear that defendant owned the car and McClary was in the general employ of defendant. From these facts alone it is presumed that Mc-

Clary was at the time of the occurrence acting in the course of his employment. Chandler v. New Moon Homes, Inc., supra, 418 S.W.2d l. c. 133. If the defendant introduced substantial controverting evidence (as to which we do not rule in this case because of the additional evidence noted herein), this presumption disappears. This is because discovery rules are available and defendant can be compelled to state relevant facts. It is plaintiffs' lookout to see whether agency is at issue. If it is, as here, plaintiffs have the burden of obtaining relevant facts on the issue and may use interrogatories for this purpose. Chandler v. New Moon Homes, Inc., supra, 418 S.W.2d l. c. 135–137.

■ Defendant's answer to Interrogatory 3, admitting that McClary was acting within the scope of his employment, was admissible in evidence as an admission against interest. , McCallum v. Executive Aircraft Company, Mo.App., 291 S.W.2d 650, 656; Galbreath v. Galbreath, Mo.App., 481 S.W.2d 591, 592. This is true even though it was made in the previous case [White v. Burkeybile, Mo., 386 S.W.2d 418, 422–423 (deposition); Watkins v. Kansas City & W. B. Ry. Co., Mo.App., 209 S.W. 950, 952–953 (pleadings); Murphy v. St. Louis Type Foundry, 29 Mo. App. 541, 545 (abandoned answer); 31A C.J.S. Evidence § 308 b, p. 792; 29 Am. Jur.2d, Evidence, Sec. 695, pp. 751–752] and was a statement of an ultimate fact, since based on facts of which the declarant could be expected to have had knowledge of or knowledge available to it [Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S. W.2d 618, 621 (followed in Howell v. Dowell, Mo.App., 419 S.W.2d 257, 261 and Swain v. Oregon Motor Stages, banc, 160 Or. 1, 82 P.2d 1084, 1085); Richardson v. Liggett, Mo.App., 453 S.W.2d 249, 254; Scherffius v. Orr, Mo.App., 442 S.W.2d 120, 124–125; Carpenter v. Davis, Mo. banc, 435 S.W.2d 382, 384: ". . . They [citing Grodsky and Costello v. M. C. Slater, Inc., Mo.App., 220 S.W.2d 947] represent recognition, in an adversary proceeding, that a party should be held responsible for statements of fact or opinion, previously made, which conflict with the position taken by him in the judicial proceeding. Such statements may affect credibility and proof, and may aid the jury in arriving at the truth. In any event, the declarant is available in court to advance or defend his position"; Hall v. Denver-Chicago International, Inc., Mo.App., 481 S.W.2d 622, 626–627 (alleged employer's admission in report form that injury was under the law [defined on reverse side of form as arising out of and in course of employment] was considered as a statement of fact); Bolivar Farmers Exchange v. Eagon, Mo.App., 467 S.W.2d 95, 98; 3 Am.Jur.2d, Agency, Sec. 356, pp. 714–716; 29 Am.Jur.2d, Evidence, Sec. 604, p. 659].

The jury could reasonably infer that the Olds was for sale and that McClary's conduct in driving it to Ed's (just as to any other place where he might sell the Olds or any of defendant's cars) was consistent with his mission, which was to sell cars. The car itself was for sale and in the control of a salesman who had the duty and authority to show and sell cars, whenever and wherever he could. The nature of the vehicle is relevant to the issue. Chandler v. New Moon Homes, Inc., supra, 418 S.W.2d l. c. 135. McClary's employment regularly involved operation of defendant's cars. The jury could reasonably find that the answer to Interrogatory 3 was based on facts immediately within defendant's knowledge bearing on the scope of employment issue. The employer would be expected to know the facts of the agency relationship so far as they would bear on whether McClary was within the scope of his employment. Compare Judge Seiler's dissenting opinion in Carpenter v. Davis, supra, 435 S.W.2d l. c. 386.

■ We consider the evidence, including defendant's said answers to interrogatories and its attorney's letter to plaintiffs' attorney, in the light most favorable to plaintiffs and give them the benefit of every reasonable inference which the evi-

dence tends to support. We rule the agency and scope of employment issue in favor of plaintiffs. See Waters v. Hays, Mo.App., 130 S.W.2d 220, 223; Snead v. Sentlinger, Mo., 327 S.W.2d 202, 205 [conclusion of the employee driver (similar to those testified to by McClary as noted above) did not change the fact that he was driving for his employer]; Standard Motor Sales Co. v. Miller, 30 Ohio App. 7, 164 N.E. 55, 57, [commenting that a car salesman would have to be performing acts of such divergence from his regular duties that the very character severed the relationship of master and servant and that things performed in an incidental way, either for himself or others, while he had the right to operate the defendant's car, for the purpose of performing his duty, do not relieve the master from liability]; Bauman v. Royal Indemnity Co., 36 N.J. 12, 174 A.2d 585, 587–589 [noting that an admission (by answer to interrogatory) that a person was "authorized agent of defendant" in a car salesman case was sufficient on the issue of agency unless at the close of the entire case the agency issue would have been a legal one for the court rather than jury determination, which would be only if reasonable men could not, under the totality of the evidence, have differed as to the status]; Dowd-Feder v. Truesdell (1934, App.), 17 Ohio Law Abst. 647, affd. 130 Ohio St. 530, 5 Ohio Op. 179, 200 N.E. 762; Lambros v. Coolahan, 185 Md. 463, 45 A.2d 96, 97; Kraxberger v. Rogers, 231 Or. 440, 373 P.2d 647, 651–653. Consult Annotation, 53 A.L.R.2d 631, "Liability of Employer for Negligent Operation of Motor Vehicle by Automobile Salesman"; 8 Am.Jur.2d, Automobile and Highway Traffic, Sec. 912, p. 461.

Our conclusion on the agency issue is not inconsistent with MAI 13.04 as modified and offered by plaintiffs and given by the court defining scope of the employment as acts done to serve the business or interests of the master while the servant was at a place where the performance of his work required him to be.

Defendant's Instruction 5

■ Plaintiffs assert prejudicial error in the giving of defendant's Instruction 5 (designated by defendant as MAI 33.06(6) Modified).

Plaintiffs' verdict directors 3 (for the child, designated MAI 17.15 Modified) and 4 (for the parents, designated as MAI 17.-15 Modified, except the damages paragraph, for which MAI 31.04A was used) heeded the committee comment on MAI 17.15, which refers to MAI 18.01 on agency and, as noted MAI page LIII, should be followed. MAI 18.01 requires that where the defendant master or principal denies agency of the alleged servant or agent, paragraph First in the verdict directing instruction shall be in the form set out in MAI 18.01, and then states: "The name of the *servant* or some other identification *will* be substituted for the word 'defendant' in the *remainder* of the instruction" (our emphasis).

Defendant's converse Instruction 5 followed MAI 33.06(6) except for its paragraph Third, which started out "at the moment when *defendant*" and thereby failed to comply with the MAI 18.01 mandate just noted. Paragraph Third should have begun "at the moment when *Robert McClary*". Civil Rule 70.01(b), V.A.M.R., requires that an applicable MAI (MAI 18.-01 in this case) must be followed. Adding, substituting, or deleting words or phrases is error. Brown v. St. Louis Public Service Company, Mo. banc, 421 S.W.2d 255, 259; Brittain v. Clark, Mo.App., 462 S.W.2d 153. Rule 70.01(f) provides that instructions may be given, authorizing a verdict for a defendant, upon finding "the converse of any essential fact or element essential to a verdict for plaintiff". Instruction 5 failed to heed this requirement. Substantially the same language must be used in the converse instruction, as noted in the general comment to MAI 33.01.

Plaintiffs urge, as they did in their motion for a new trial, that the error was prejudicial because the use of "defendant"

instead of "McClary" confused the jury, misstated the law to defendant's advantage, put an impossible burden on plaintiffs (of proving that the corporate defendant itself must in some way have known or could have known of Danny's position of immediate danger), and gave the jury a roving commission. Plaintiffs' contention was addressed initially to the discretion of the trial court. On this appeal the question is whether the trial court abused its discretion in ruling against plaintiffs' contention —that is, whether reasonable men could differ about the propriety of the ruling. James v. Turilli, Mo.App., 473 S.W.2d 757, 763.

Rule 70.01(c) provides that the giving of an instruction in violation of the provisions of Rule 70 "shall constitute error, its prejudicial effect to be judicially determined". This case was submitted on appellate briefs without oral argument. Defendant does not mention in its appellate brief its failure to follow MAI 18.01. Defendant has the burden (which it has not undertaken to shoulder) of making it perfectly clear that no prejudice resulted. Brown v. St. Louis Public Service Co., supra, 421 S.W.2d 1. c. 259; Royal Indemnity Company v. Schneider, Mo.App., 485 S.W.2d 452, 458.

The court determines judicially, under Rules 70.01(c) and 84.13(b), that the error materially affected the merits of the action, was prejudicial, and requires a new trial. Compare Denny v. Mathieu, Mo. banc, 452 S.W.2d 114, 120(7). We recognize that plaintiffs' verdict director instructions and the converse are to be read together when considering the propriety of the converse, Griffith v. Saavedra, Mo., 409 S.W.2d 665, 667(2), and that their meaning to a jury of ordinarily intelligent laymen is our concern (Wims v. Bi-State Development Agency, Mo. banc, 484 S.W. 2d 323, 325). The fact that defendant's attorney in final argument may have argued that McClary (not defendant itself) must have known of the position of immediate danger does not cure the error or make it any the less a reversible error. Robinett v. Kansas City Power and Light Company, Mo.App., 484 S.W.2d 506, 510.

### Non-Citation of Defendant Driver

Plaintiffs' second point relied on, duly preserved in the trial court, is that the trial court prejudicially erred in permitting reference to the immaterial fact that McClary did not receive a traffic ticket. We explore this point so that error in this respect may be avoided in the event of re-trial.

The investigating officer, Tuschoff, on direct examination gave his opinion, not objected to by defendant, that McClary's speed exceeded 30 miles per hour. Defendant's attorney on cross-examination asked him (by various questions) why, if he determined (within two or three days after the accident) that McClary was exceeding the speed limit (30 mph) and an injury resulted from the accident, he didn't file charges against McClary. Plaintiffs' objections to the questions were overruled. The officer answered that he did not feel he "had enough conclusive evidence based on my not being able to clock this subject that he was driving this". Plaintiffs did not request any oral or written instruction limiting the consideration of such evidence to the question of Tuschoff's credibility.

In final argument, defendant's attorney commented, over objections and motion for mistrial denied by the trial judge, that if McClary had been exceeding the speed limit the officer ". . . should, would have given Mr. McClary a ticket . . . He would have filed charges . . . he did not file any charges against Mr. McClary. He did not charge him with careless and reckless driving and he didn't charge him with speeding. He didn't charge him with anything . . ."

Defendant agrees that whether the officer filed charges might be irrelevant, but if it was relevant to the credibility of the witness defendant had the right to pursue it, to impeach the witness by prior inconsistent statements, which defendant contends was its sole purpose.

Plaintiffs refer us to Cotton v. Pyle, Mo., 400 S.W.2d 72; Harris v. Williams, Mo.App., 363 S.W.2d 51; Character v. Henderson, 1 Ohio App. 14, 195 N.E.2d 821; and Warren v. Hart, 71 Wash.2d 512, 429 P.2d 873, banc, which recognize the prejudicial effect of testimony as to the citation or non-citation by the investigating law officer, but are distinguishable for purpose of consideration of the point herein.

■ Reasonable latitude is allowed in cross-examination of a witness but it should not go to the extent of merely bringing in irrelevant matters purposely calculated to prejudice minds of the jury, Better Roofing Materials Co. v. Sztukouski, Mo.App., 183 S.W.2d 400, and especially if the effect would be to prejudice the minds of the jury. American Displays v. E. T. Swiney Motors, Mo.App., 240 S.W.2d 732.

■ Assuming, but without the deciding on this record, that defendant had the right to impeach the officer as to his opinion on speed by asking him why he did not cite McClary for speed violation, we conclude that the cross-examination, along with the final argument, did not confine itself to impeaching the officer's opinion as to McClary's speed. True, defendant cross-examined the officer relative to and sought to impeach his opinion as to McClary's speed by bringing out that the officer had, by his failure to cite McClary, shown that he did not believe that McClary had exceeded the speed limit. But defendant went beyond this in having Tuschoff testify that he did not file "charges" and in commenting in final argument to the effect that no charge of any kind (careless and imprudent driving or anything) had been filed. This in effect brought before the jury the false issue of whether the officer had considered McClary's conduct careless and imprudent in any respect (which was for the jury, based on all the evidence, not only as to McClary's speed but his action or non-action after he first

saw or should have seen Danny in a position of immediate danger). We conclude that the cross-examination and final argument of defendant in respect to the non-citation of McClary would improperly prejudice the minds of the jury.

Plaintiffs complain of various other errors at trial. We do not deem it necessary to discuss these points. Counsel and the trial court will no doubt give consideration to the points in the event of retrial.

The judgment is reversed and the case ordered remanded for new trial.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.