**Edward McNABB and Bernice McNabb, Appellants,**

v.

**Thomas WINKELMANN, Respondent.**

**No. 46876.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 1, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Dec. 13, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Dallas W. Cox, St. Louis, for appellants.

Michael Allen Shaughnessy, St. Louis, for respondent.

CRANDALL, Judge.

Edward and Bernice McNabb (appellants) appeal from a judgment entered on an adverse jury verdict in their action to recover damages that allegedly resulted from personal injuries sustained by Mr. McNabb in a two-car collision. Respondent was driving the other car.

Appellants' sole point on appeal is that the trial court erroneously overruled their objection to defense counsel eliciting the investigating police officer's testimony that he did not give respondent—or either driver—a traffic ticket.[1] Appellants assert on appeal that the question (and answer), besides being irrelevant and immaterial, was prejudicial in that it suggested to the jury that the accident was not respondent's fault. Appellants' objection at trial, however, was "[t]he officer didn't observe this thing take place, how could he give a tick-

et? That's clearly an improper question and counsel knows that." Thus, appellants have run afoul of both the proscription against interposing one objection at trial and another on appeal, *see Negley B. Calvin, Inc. v. Cornet*, 427 S.W.2d 741, 746 (Mo.App.1968), and the rule that "[a]n objection to the admissibility of evidence must be specific and contain the proper ground of its exclusion, else on appeal the trial court will not be convicted of error for overruling it." *Id.* Consequently, the trial court's ruling on appellants' objection has not been preserved for appellate review. *See,* e.g., *Bergel v. Kassebaum,* 577 S.W.2d 863, 870 (Mo.App.1978). Even if it was preserved, the objection was directed to a lack of personal knowledge and therefore properly overruled.

Judgment affirmed.

KAROHL, P.J., concurs.

REINHARD, J., dissents in separate opinion.

REINHARD, Judge, dissenting.

I respectfully dissent and would reverse and remand the case for a new trial. In this personal injury-negligence case, plaintiffs' attorney initially asked the investigating officer on direct examination, "Did you smell any odor of intoxicating beverages about Mr. Winkelmann's breath?" The officer answered, "I detected an odor which I believed to be an alcoholic beverage upon his breath." On cross-examination, defense counsel then asked the investigating officer, "Was any one given any tickets in this accident?" Plaintiffs' attorney initially stated: "Your Honor, I object to that. The officer didn't observe this thing take place, how could he give a ticket. That's clearly an improper question and counsel knows that. May we approach the bench on this, Judge?" It is apparent from the record that before the trial judge ruled, defense counsel, well aware that this evidence is not ordinarily admissible stated to the judge it

---

1. During the direct examination of the police officer, appellants' counsel elicited testimony that the officer "detected an odor which he believed to be an alcohol beverage upon defendant's breath."

was admissible because plaintiffs had improperly opened up the issue of defendant's drinking. The court then overruled the objection and the officer was allowed to testify that "[c]harges were not filed against either driver." While it is arguable that plaintiffs' objection went only to the lack of the officer's presence at the scene, it is clear to me that by the time the trial court ruled, he expanded that objection to a general one.

Numerous cases hold that a general objection is sufficient if the evidence elicited is wholly inadmissible for any purpose. *Meade v. Kansas City Public Service Company,* 250 S.W.2d 513, 515 (Mo.1952); *Lawson v. Cooper,* 475 S.W.2d 442, 446 (Mo.App. 1972). I believe that plaintiffs' point has been properly preserved for appellate review.

It is also apparent that the trial court was aware of the general inadmissibility of this evidence and the court permitted the evidence because it erroneously believed defendant's argument that plaintiffs had "opened up" this issue.[1] It has been the consistent rule in Missouri that evidence that a traffic citation was or was not issued is inadmissible in a negligence case because it is prejudicial and brings before the jury a false issue. *Dorrell v. Moore,* 504 S.W.2d 174 (Mo.App.1973); *Wills v. Towns Cadillac-Oldsmobile Inc.,* 490 S.W.2d 257 (Mo.1973); *Cotton v. Pile,* 400 S.W.2d 72 (Mo.1966); *See Brown v. Royalty,* 535 F.2d 1024 (8th Cir.1976) (applying Missouri Law). *Wills, Dorrell* and *Brown* were all reversed because the officer was allowed to testify no citations were given.

The only possible basis for admission of this evidence is that defendant could use such evidence to impeach the witness' testimony as to whether defendant had been drinking. However, the question went beyond drinking. The Supreme Court was presented with a similar contention in *Wills v. Towns Cadillac-Oldsmobile, Inc.,* 490 S.W.2d 257 (Mo.1973). There the investigating officer testified that McClary's speed exceeded the speed limit. On cross-examination, defendant's attorney asked the officer if McClary was exceeding the speed limit why didn't he file charges against him. Plaintiff objected but the trial court overruled the objection. In closing argument, defendant's attorney further stated that McClary was not charged with any traffic violation. In reversing the case on appeal, the Supreme Court stated:

> Assuming, but without deciding on this record, that defendant had the right to impeach the officer as to his opinion on speed by asking why he did not cite McClary for speed violation, we conclude that the cross-examination, along with the final argument, did not confine itself to impeaching the officer's opinion as to McClary's speed.

490 S.W.2d at 263.

I find this analysis controlling.[2] In this case, defendant's question did not confine itself to whether the officer gave defendant a ticket for a liquor offense, but clearly brought out that defendant was not ticketed for *any* traffic violation. This invaded the province of the jury.

Here, as in *Wills,* I believe the error was prejudicial and would grant a new trial.

---

1. In my view of the evidence, the testimony plaintiff elicited from the officer that he had smelled alcohol on defendant's breath was proper. *Doisy v. Edwards,* 398 S.W.2d 846 (Mo.1966); *Cheatham v. Chartrau,* 237 Mo. App. 793, 176 S.W.2d 865 (1944). Consequently, this is not a case of curative admissibility.

*Gevermuehle v. Geimer,* 619 S.W.2d 320, 322 (Mo.App.1981).

2. Although the transcript does not include closing argument, the record is sufficient to convince me that prejudice had occurred.