Margaret STOBERL, as Administrator of the Estate of Leonard John Stoberl, Deceased, and Margaret Stoberl, Individually and as Mother and Next Friend of Lisa Stoberl, Plaintiffs,

v.

Gerald D. JOHNSTON and Jacobson Motor Leasing Co., Defendants.

Civ. No. 82–80–W.

United States District Court, S.D. Iowa, W.D.

Dec. 17, 1985.

---

Russell Wunschel, Carroll, Iowa, for plaintiffs.

Thomas A. Grennan, Omaha, Neb., for defendants.

ORDER

DONALD E. O'BRIEN, Chief Judge.

The Court has before it defendants' motion for new trial and motion for deletion of various elements of damages. A telephonic hearing was held on this matter in which counsel for both parties participated. After carefully considering the briefs and oral arguments of the parties, the Court grants defendants' motions in part.

With respect to defendants' motion for new trial, the issue before this Court is whether the death of Leonard John Stoberl on October 1, 1985 constitutes newly discovered evidence. This case was submitted to the Court on July 9, 1985; on October 11, 1985, the Court filed its Findings of Fact, Conclusions of Law and Judgment in this case. Defendants were notified by plaintiff after the Court's ruling by a Suggestion of Death upon the Record under Fed.R.Civ.P. 25(a)(1) of the death of Leonard John Stoberl.

A district court has broad discretion in ruling on a motion for a new trial, and an appellate court will not reverse unless appellants show that this discretion has been abused. *Clarke v. Burkle*, 570 F.2d 824, 830 (8th Cir.1978). Furthermore, although in a diversity action substantive law of a forum state controls, the grant or denial of a new trial is a matter of procedure governed by federal law. *Brown v. Royalty*, 535 F.2d 1024, 1027 (8th Cir.1976). While it is true that a court is not to consider evidence that arises subsequent to the time of "trial," the Court is of the position that the "trial" of this matter did not end until the Court filed its Findings of Fact and Conclusions of Law. *See Washington Mobilization Committee v. Jefferson*, 617 F.2d at 848, 849 n. 3 (D.C.Cir.1980).

While the Court has no new evidence before it, it concludes that it has a right and duty to reconsider its findings in light of plaintiff's death. *Clarke v. Burkle*, 570 F.2d at 830. Finding that it may consider Stoberl's death, the Court shall address the motion to reduce the award of damages. The Court is persuaded that if it can reduce future psychiatric expense, as the defendants urge, by reason of the death of the plaintiff, then the Court can, with just as much authority, reconsider and perhaps raise other awards to the plaintiff on the basis that it may well have underestimated plaintiff's physical condition and damages. It should be made clear that the only additional evidence the Court is considering is the admitted fact that the plaintiff is dead.

At the hearing, the Court informed the parties that, in the event it found defendants entitled to a new trial, the Court was of the position that plaintiff was not entitled to recover for future pain and suffering, future disability, future medical expenses or any other future damages which would be excessive under the circumstances and not consistent with the Iowa law on damages. The Court therefore makes the following rulings with respect to plaintiff's damages. The award of $7,109.70 for medical expenses shall stand unless plaintiff can and desires to present additional evidence at a later date showing that plaintiff incurred additional expenses related to plaintiff's injury during the period from the end of the trial through the date of death.

With respect to the award of $40,000.00 for personal injuries and past pain and suffering, the Court notes that it had a vast amount of medical evidence of injuries before it, which the Court [based on the early death of plaintiff] concludes it failed to credit fully in its original findings. There is no indication that plaintiff's death was caused by a new accident. The Court may assume from the trial evidence that it was a result of plaintiff's infirmities and/or accident-related trauma which the Court did not fully recognize in its original findings. The Court finds that plaintiff is entitled to an award of $60,000.00 for personal injuries and past pain and suffering.

Using the same rationale, the Court vacates its award of $20,000.00 for future pain, suffering and incapacity, since plaintiff's death precludes an award for such problems. For the same reason, plaintiff's award of $4,875.00 for future psychiatric and medical care is also vacated.

With respect to plaintiff's award of $60,000.00 for loss of income, the Court finds that that award was lumped together including both past and future losses. In actuality, the Court now states that it had awarded plaintiff $30,000.00 for loss of past income and $30,000.00 for loss of future income. As a result, the Court modifies its award to $30,000.00 for loss of past income and nothing for future income.

Finally, in view of plaintiff's death, the Court finds that Margaret Stoberl's recovery for loss of consortium was not fully considered by the Court and should be increased. The loss of her husband due to infirmities or accident-related trauma which this Court did not consider to be as serious as it was in its original findings causes this Court to increase her award to $35,000.00.

In the event plaintiff contends the estate has pertinent evidence to present on the issue of the cause of plaintiff's death, tying the same to the injuries suffered as the result of the defendants' acts, the Court will entertain a motion for a new trial by the plaintiff if the same is timely filed.

IT IS THEREFORE ORDERED that defendants' motion for new trial be granted to the extent that the Court has considered Plaintiff Leonard John Stoberl's death.

IT IS FURTHER ORDERED that defendants' motion for deletion of various elements of damages be granted in part and denied in part as set out below.

IT IS FURTHER ORDERED that the Court's Order of October 1, 1985 be modified as follows:

IT IS HEREBY ORDERED that Leonard Stoberl is awarded the sum of $7,109.70 for medical expenses.

IT IS FURTHER ORDERED that Leonard Stoberl is awarded the sum of $60,000.00 for personal injuries and past pain and suffering.

IT IS FURTHER ORDERED that Leonard Stoberl is awarded no amount for future pain, suffering and incapacity.

IT IS FURTHER ORDERED that Leonard Stoberl be awarded no amount for future psychiatric and medical care.

IT IS FURTHER ORDERED that Leonard Stoberl is awarded the sum of $30,000.00 for loss of past income.

IT IS FURTHER ORDERED that Mrs. Stoberl be awarded the sum of $35,000.00 for loss of consortium.

IT IS FURTHER ORDERED that by reason of lack of evidence the daughter, Lisa Stoberl, is awarded nothing. The Court finds for the defendant on this claim.

IT IS FURTHER ORDERED that the plaintiffs are entitled to interest as provided by law and for costs of this action.

IT IS FURTHER ORDERED that the plaintiffs' request to amend is hereby sustained.

IT IS FURTHER ORDERED that plaintiffs' exhibit 3 be accepted into evidence for the limited purpose of considering plaintiffs' profits. Defendants' exhibit 6 is accepted.

IT IS FURTHER ORDERED that plaintiffs' objections to questions asked by defendants in the deposition of Dr. William Long be overruled.

IT IS FURTHER ORDERED that in the event plaintiff contends the estate has pertinent evidence to present on the issue of the cause of plaintiff's death, tying the same to the injuries suffered as the result of the defendants' acts, the Court will entertain a motion for a new trial by the plaintiff if the same is timely filed.[1]

---

1. The Court is not unmindful that the above awards to Leonard Stoberl are for all practical purposes to the Estate of Leonard Stoberl.