**Charles Paul BURTON, Appellant,**

v.

**Nancee E. (Burton) FLOWERS,
Respondent.**

No. 75759.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 1, 1999.

Charles Paul Burton, Mineral Point, pro se.

John P. Heisserer, Lisa K. Lange, Cape Girardeau, for respondent.

Before ROBERT G. DOWD, Jr., C.J., K. KAROHL, J. and L. MOONEY, J.

*ORDER*

PER CURIAM.

Charles Burton, movant, filed a motion to modify visitation and temporary custody provisions in a dissolution decree granted on April 5, 1991. In 1993, movant was sentenced to serve fifteen years to life after he was convicted of second-degree murder. The motion requested an order that his mother be permitted to transport his eight-year-old son to visit him at the penitentiary. After an evidentiary hearing, the court denied the request for modification.

Movant has demonstrated considerable effort in the trial court and in this court to present his complaints. He argues the trial court erred in refusing to appoint counsel; to grant a Writ of Habeas Corpus Ad Testificandum so he could attend the hearing; in holding a hearing in his absence; and, by allowing an expert to testify where notice of that event was not given before the hearing. Movant's former wife, Nancee (Burton) Flowers, has requested that we dismiss the appeal for failure to comply with rule 84.04 and the mandate of *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). The motion to dismiss has merit. Although, we recognize movant's pro se problems in presenting his appeal, he is required to satisfy the rules of civil procedure in the same manner as if represented by counsel. *Snelling v. Jackson,* 787 S.W.2d 906, 907 (Mo.App. E.D.1990). Movant has failed to satisfy service requirements of rule 81.08(d); has presented abstract statements of law in place of points on appeal required by rule 84.04(d); and failed to restate the points as part of his argument. There are other serious deficiencies in movant's brief on appeal. However, we have ex gratia reviewed what we understand to be his complaints. The motion to dismiss, although legally sound, is denied.

Movant's arguments are without merit. A party to a civil proceeding has no constitutional or statutory right to the appointment of counsel, *State of Washington ex rel. Lewis v. Collis,* 963 S.W.2d 700, 705 (Mo.App. W.D.1998), where none of the issues presented in the motion to modify involve the possible loss of movant's liberty. See, *Fitzpatrick v. Hoehn,* 746 S.W.2d 652, 654 (Mo.App. E.D.1988). Movant has no constitutional right to be present for the trial of this motion in a civil proceeding. *Muza v. Department of Social Services,* 769 S.W.2d 168, 176 (Mo.App. W.D. 1989). In the absence of substantial and irreparable prejudice for failure to attend, movant has no statutory right to be present for the hearing. Section 491.230.2 RSMo (1994). The court did not err in allowing a licensed professional counselor who was treating his son to testify regarding an opinion of adverse effect if the court granted the requested relief. Movant filed no request for discovery regarding expert testimony. The witness testified without objection. The court did not abuse its discretion in receiving and considering the testimony which was relevant on the issue of welfare of a child.

Because of the special circumstances, including the narrow dispute involving the welfare of a minor and the obvious disability of movant, we have reviewed all of the documents provided and the briefs of the parties and conclude that the court made no error of fact or law. For the same reasons, we have briefly responded to movant's complaints. An extended opinion would have no precedential value. The judgment of the trial court is affirmed. Rule 84.16(b).