Michelle B. (Giles) BECKWITH,
Respondent,

v.

Bruce GILES, Appellant.

No. WD 58185.

Missouri Court of Appeals,
Western District.

Dec. 5, 2000.

Appellant, pro se.

Andrea Paige Bolstad, Liberty, for respondent.

Before EDWIN H. SMITH, P.J., ULRICH, J. and ELLIS, J.

ULRICH, Judge.

Bruce Giles appeals from the judgment of the Circuit Court of Clay County modifying his Decree of Divorce with Michelle B. (Giles) Beckwith. The judgment of modification terminated the parties' joint legal custody, awarded Ms. Beckwith sole legal and physical custody of the parties' minor child, restricted Mr. Giles' visitation with the minor child, and increased his child support obligation. Mr. Giles contends that the trial court erred in (1) overruling his motion for change of judge; (2) overruling his application for writ of habeas corpus ad testificandum; (3) transferring sole legal and physical custody of the minor child to Ms. Beckwith; (4) restricting his visitation with the minor child; and (5) raising his child support obligation to $350.00 per month. The judgment of the

trial court is affirmed in part, and reversed in part.

## I. Facts

Upon dissolution of the parties' marriage in 1991, the parties were awarded joint legal custody of their minor child with Ms. Beckwith receiving primary physical custody subject to Mr. Giles rights of reasonable visitation. Sometime after the parties dissolution, Mr. Giles was convicted on two counts of Assault in the second degree and two counts Armed Criminal Action. He was placed in the custody of the Missouri Department of Corrections on or about September 9, 1994.

Ms. Beckwith filed a motion to modify the divorce decree seeking modification of the child's custody and Mr. Giles' visitation rights on January 27, 1999. Following a hearing on the motion, the Commissioner entered its findings and recommendations on June 30, 1999, which were adopted and confirmed by the circuit judge on that same day. Mr. Giles appealed. The appeal was dismissed and the case was remanded to the trial court with directions to set aside the court's judgment and to allow the parties fifteen days to move the trial court for rehearing. Thereafter, Mr. Giles filed a motion for rehearing. The trial court denied Mr. Giles' motion and adopted and confirmed the Commissioner's original findings and recommendations on January 4, 2000. This appeal followed.

## II. Standard of Review

■ As a judge tried case, the standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), which interprets what is now Rule 73.01(c). Under this standard, this court will affirm and sustain the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Jones v. Jones*, 10 S.W.3d 528, 532 (Mo.App. W.D.1999). Because the trial court is in the best position to weigh all the evidence and render a judgment based on the evidence, the judgment should be affirmed under any reasonable theory supported by the evidence. *Id.*

## III. Points on Appeal

■ In his first point on appeal, Mr. Giles contends that the trial court erred in overruling his motion for change of judge. Mr. Giles claims he was entitled to a change of judge as a matter of due process. Mr. Giles' motion, however, was filed out of time, therefore, it was proper for the trial court to deny his request.

Rule 51.05(a) requires that "[a] change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by any party." Upon the filing of a proper, *timely application* under the rule, the court has no jurisdiction to do anything other than to grant the application and transfer the cause to another judge. *State ex rel. Cohen v. Riley*, 994 S.W.2d 546, 547 (Mo. banc 1999); Rule 51.05(e). But in order to be timely, "[t]he application must be filed within sixty days from service of process or thirty days from the designation of the trial judge, whichever time is longer." Rule 51.05(b).

Mr. Giles' Motion for Change of Judge was not timely filed. Mr. Giles was served on February 16, 1999. The trial judge was designated at the time the summons was served. Since the trial judge was already designated at the time the summons was served, the sixty day time period from the date of service is longer than the thirty day period from the designation of the trial judge. Sixty days from February 16, 1999, falls on April 17, 1999, which is a Saturday. Therefore, Mr. Giles would have had until Monday, April 19, 1999, to timely file an application for a change of judge. Rule 44.01(a).

Mr. Giles' Motion for Change of Judge was filed on May 19, 1999. Since it was not filed by the April 19, 1999 deadline, the motion was not timely filed. Accordingly, the trial court did not err in denying Mr.

Giles' Motion for Change of Judge. The point is denied.

■ In his second point on appeal, Mr. Giles contends that the trial court erred in overruling his application for Writ of Habeas Corpus Ad Testificandum. Mr. Giles was incarcerated with the Department of Corrections. He argues he should have been brought to the Circuit Court of Clay County to defend himself in this matter because the language of the statute created a legitimate expectation that the writ would be issued, thereby creating a constitutional right to appear.

■ Courts recognize that "absent a countervailing state interest of overriding significance, prisoners must be afforded *meaningful* access to the courts and an opportunity to be heard." *State ex rel. Kittrell v. Carr*, 878 S.W.2d 859, 862 (Mo. App. E.D.1994). But it is also equally well established that a prisoner has no absolute right to appear *personally* in a civil proceeding. *Muza v. Missouri Dept. of Soc. Servs.*, 769 S.W.2d 168, 176 (Mo.App. W.D. 1989); *Carr*, 878 S.W.2d at 862. The granting of a writ of habeas corpus ad testificandum to appear in a civil proceeding lies within the discretion of the trial court, which should "require strict proof of the materiality of the testimony and the necessity of the attendance of the prisoner as a witness." [1] *Laws v. O'Brien*, 718 S.W.2d 615, 618 (Mo.App. E.D.1986) (*quoting Joiner v. State*, 621 S.W.2d 336, 339 (Mo.App. E.D.1981); § 491.230.2(2), RSMo Cum.Supp.1996.

■ A key factor in determining whether a prisoner has a constitutional right to appear personally in a civil matter is whether there are any reasonable alternative means by which the prisoner may be heard and thus obtain meaningful access to the court. *Carr*, 878 S.W.2d at 863. The legislature has provided a variety of alternatives for securing prisoner's rights to access to the courts. In Missouri, prisoners can testify by conventional deposition or by videotaped deposition or by closed circuit television, and in some instances, upon a prisoner's request, a trial judge may, in his or her discretion, conduct a bench trial within the prison in cases where the prisoner is a party. *See* § 544.275, RSMo 1994; § 561.031, RSMo 1999 Cum.Supp.; Rule 57.07(a)(2); *see also Call v. Heard*, 925 S.W.2d 840, 846 (Mo. banc 1996), *cert. denied*, 519 U.S. 1093, 117 S.Ct. 770, 136 L.Ed.2d 716 (1997). Only where there are no reasonable alternatives to access the court and a substantial and irreparable prejudice will result from the failure to attend the proceedings may personal attendance be required as a matter of due process. *Carr*, 878 S.W.2d at 863; *Burton v. Flowers*, 14 S.W.3d 608, 609 (Mo.App. E.D.1999).

In this case, Mr. Giles filed numerous motions with the trial court, which demonstrate his ability to conduct legal research and file matters with the court. Mr. Giles, however, never sought in his many motions any of the alternatives to access the court. The trial court even granted Mr. Giles a continuance after his first application for a writ of habeas corpus ad testificandum was denied so he could hire an attorney to represent his interests in the proceeding, which Mr. Giles also did not do. Mr. Giles has, therefore, failed to demonstrate that no reasonable alternatives to access the court existed. As a result, Mr. Giles second point is denied.

■ In his third point, Mr. Giles contends that the trial court erred in transferring sole legal and physical custody of the

---

1. Prior to the enactment of § 491.230.2, whether an inmate should be allowed to appear personally was a matter addressed to the sound discretion of the trial court. After the enactment of § 491.230.2, the legislature continued to give the trial court discretion in determining whether an inmate should be allowed to personally appear. *See* § 491.230.2(2) (which states in pertinent part that after a showing of substantial and irreparable injustice, the "trial judge *may* issue a writ of habeas corpus ad testificandum." (Emphasis added).

minor child to Ms. Beckwith. Mr. Giles argues that the trial court failed to consider all relevant statutory factors in modifying the custody provisions of the original decree of dissolution. Specifically, Mr. Giles alleges that the trial court failed to consider (1) the wishes of the child as to his custodian; (2) the interaction or interrelationship of the child with his parents; and (3) the child's adjustment to home, school, and community, and the mental and physical health of all individuals involved.

Section 452.410.1 sets forth what the trial court must find before modifying a prior custody decree. It provides, in pertinent part, that:

the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

§ 452.410.1, RSMo 1994. Under this subsection, a court must first determine that a substantial and continuing change of circumstances of the child or his custodian has occurred. The party seeking to change custody has the burden of proving a change in circumstances requiring modification. *Reeves-Weible v. Reeves*, 995 S.W.2d 50, 56 (Mo.App. W.D.1999). Section 452.410 does not specify the individual change of circumstances that will trigger modification. It does, however, require that the change be such that "modification is necessary to serve the best interests of the child." § 452.410.1. The trial court, in deciding the best interests of the child, as statutorily required, must consider all relevant factors including the statutory factors found in § 452.375.2. *Reeves*, 995 S.W.2d at 63. Generally, the trial court is considered to have properly considered the statutory factors when it made its decision. *Jones v.*

*Jones*, 10 S.W.3d 528, 540 (Mo.App. W.D. 1999).

Nevertheless, in the case at hand, the evidence presented at the hearing on the matter was limited. The only evidence offered in support of the motion to modify custody was the testimony of Ms. Beckwith. In her brief testimony, Ms. Beckwith merely explained that since the original custody decree, Mr. Giles had been convicted of a crime and is serving time in prison. Evidence was not presented on each of the statutory factors for the court to consider in determining the best interests of the child. Although significant, the incarceration of Mr. Giles does not, without additional evidence, constitute, by itself, evidence of the statutory factors the court is to consider when determining the best interest of the child. Under these circumstances, the trial court cannot be presumed to have considered all relevant statutory factors enumerated in § 452.375. The portion of the judgment regarding the modification of custody is, therefore, reversed and the case is remanded to the trial court for receipt of evidence regarding the best interests of the minor child.

In his fourth point on appeal, Mr. Giles contends the trial court erred in restricting Mr. Giles' visitation with his minor child. Mr. Giles argues that the trial court (1) improperly considered the evidence that he assaulted his brother and his brother's wife as evidence of domestic violence; and (2) failed to make the required findings of fact set forth in § 452.400.1.

Section 452.400.1 provides that a non-custodial parent has a right to reasonable visitation, "unless the court finds ... that visitation would endanger the child's physical health or impair his emotional development." In determining the non-custodial parent's visitation rights, the court is not limited to considering only physical abuse in which the child was the victim. *Williams v. Williams*, 965 S.W.2d 451, 457 (Mo.App. W.D.1998). Instead, the statute requires that the court "shall con-

sider the parent's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault on other persons and shall grant visitation in a manner that best protects the child." § 452.400.1, RSMo Cum.Supp.2000. Section 452.400.1 requires that if the trial court denies or restricts the non-custodial parent's visitation privileges, the court, if requested by a party, must make specific findings that the visitation "would endanger the child's physical health or impair his emotional development." *Williams*, 965 S.W.2d at 457; § 452.400.1.

▓▓▓▓▓ Here, the trial court properly considered the assault, injuries and bodily harm that Mr. Giles inflicted upon his brother and sister-in-law and thereby restricted Mr. Giles' visitation. But despite Mr. Giles' request, the trial court did not make a specific finding of endangerment to the child's health or impairment of the child's development. The trial court found that it is in the best interest of the minor child that Mr. Giles' visitation is supervised. The court further stated that the reason for the restriction is that Mr. Giles was "convicted of crimes of assault and armed criminal action where the victims were Respondent's brother and sister-in-law." While these general findings of fact may provide a sufficient basis for the court to make a finding of endangerment or impairment, the court did not make such specific findings in the record as required by statute. The judgment regarding the modification of visitation is, therefore, reversed. The case is remanded to the trial court to make the specific findings of fact as requested by Mr. Giles and required by the statute and to make such change in the visitation as the court determines proper and within its discretion.

▓▓▓▓▓ In his final point on appeal, Mr. Giles contends that the trial court erred in raising his child support obligation from $300.00 per month to $350.00 per month. Neither party sought modification of child support in this action.

There was no pleading concerning the amount of the previously adjudicated $300.00 monthly child support payments that Mr. Giles was ordered to pay in the original divorce decree. In fact, Ms. Beckwith specifically testified at the hearing that she was not asking the trial court to modify the child support and that the original child support award was adequate. The general rule in cases such as this is that a judgment is void to the extent that it grants relief beyond what was requested in the pleadings. *Dolan v. Dolan*, 540 S.W.2d 220, 221 (Mo.App.1976). Accordingly, because neither pleadings were filed nor evidence presented warranting an increase in the amount of child support Mr. Giles is obligated to pay, the court's order as it pertains to Mr. Giles' child support obligation is void. The provision of the judgment relating to child support is remanded, and the trial court is instructed to amend its order by changing the amount of monthly child support payments from $350.00 back to $300.00 per month.

## IV.  Conclusion

The judgment of the trial court is affirmed in part and reversed in part. The trial court's denials of Mr. Giles' applications for (1) Change of Judge and (2) Writ of Habeas Corpus Ad Testificandum are affirmed. The portion of the judgment regarding the transfer of sole legal and physical custody of the minor child to Ms. Beckwith is reversed. The portion of the judgment restricting Mr. Giles' visitation with his minor child is reversed. The portion of the judgment modifying Mr. Giles' child support obligation is void.

The case is remanded to the trial court (1) to hear and consider evidence relating to all relevant factors in the determination of the best interest of the minor child including those factors enumerated in § 452.375 as to whether child custody should be changed; (2) to make the specific findings of fact as requested by Mr. Giles and required by § 452.400 regarding the visitation of Mr. Giles and the parties'

minor child; and (3) to amend the judgment as it pertains to Mr. Giles' child support obligation by changing the amount of monthly payments from $350.00 to $300.00 per month.

EDWIN H. SMITH, P.J., and ELLIS, J., concur.