Deborah J. HOLSMAN, Appellant–
Respondent,

v.

Michael E. HOLSMAN, Respondent–
Appellant.

Nos. WD 58567, WD 58631.

Missouri Court of Appeals,
Western District.

July 17, 2001.

Elvin S. Douglas, Jr., Harrisonville, for
appellant.

John K. Allinder, Independence, for respondent.

Before THOMAS H. NEWTON, Presiding Judge, JOSEPH M. ELLIS and RONALD R. HOLLIGER, Judges.

ELLIS, Judge.

Deborah J. Holsman (Wife) and Michael E. Holsman (Husband) were married on March 20, 1983. There were two children born of the marriage, Ryan, born February 20, 1989, and Jessica, born September 18, 1991. The parties were separated in late December 1997, and Wife filed a petition for dissolution of marriage on February 5, 1998. A hearing was held before the trial court on May 19, 1999, August 5, 1999, and October 7, 1999. The trial court dissolved the marriage on January 28, 2000, distributed marital and non-marital property to the parties, and provided a plan for the custody and visitation of the minor children. Both parties appeal the trial court's determination.

Wife presents three points on appeal and Husband presents one point. First, Wife contends the trial court erred in entering a judgment with inconsistent and conflicting amounts of child support contained therein. Secondly, she argues the trial court erred in awarding her $21,000 from a savings account without entering a corresponding judgment allowing her to enforce the award. And finally, Wife argues that the trial court erred in assigning Husband the second mortgage on the marital home without entering a judgment in favor of Wife allowing her to enforce the debt assignment. Husband's sole point on appeal alleges the trial court erred in finding that his workers' compensation award for permanent partial disability was marital property.

Our review of a judge tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Beckwith v. Giles*, 32 S.W.3d 659, 662 (Mo.App. W.D.2000). Under this standard, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or the court erroneously declares or applies the law. *Id.*

■ In Wife's first point on appeal, she maintains the terms of the judgment are inconsistent regarding the amount of money Husband is required to pay to Wife for child support. She argues the judgment is internally inconsistent in that in one place it adopted the presumed child support amount (PCSA) from Husband's Form 14 and in another place it adopted the PCSA from Wife's Form 14. Husband suggests that there is no inconsistency in the judgment. He argues it is clear that the trial court accepted his Form 14 and Wife's parenting plan but failed to delete Wife's proposed child support amount. He also argues that the judgment ordered the parties to comply with the custody and visitation provisions of the plan, not the child support provision.

The trial court, in its judgment, ordered Husband to pay "child support to [Wife] for the minor children at the rate of $734.00 per month, in accordance with [Husband's] Form 14[.]"[1] The court further ordered "that the custody of the children, visitation and other responsibilities of the parties shall be in accordance with the parenting plan adopted and ordered herein, and identified as Schedule A hereto." The parenting plan adopted by the

---

1. Husband submitted two Form 14's to the court. One Form 14 calculated the presumed child support amount to be $329.00 per month, and the other calculated it to be $734.00 per month. Wife submitted a Form 14 to the court, calculating the presumed child support amount to be $805.00 per month.

court provides for a different child support amount:

[t]he presumed correct child support, as calculated by Petitioner pursuant to Section 452.340(8), RSMo., Rule 88.01, and Form 14, is $805 per month, and after consideration of all relevant factors pursuant to Section 452.340(8), and Rule 88.01, is not rebutted as being unjust or inappropriate. The Circuit Court of Cass County, Missouri, is appointed trustee for said child support payments. Respondent is ordered to execute an immediate income assignment for same.

A trial court is required to set forth a parenting plan when it makes a determination as to child custody:

Any judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310. Such plan may be a parenting plan submitted by the parties pursuant to section 452.310 or, in the absence thereof, a plan determined by the court, but in all cases, the custody plan approved and ordered by the court shall be in the court's discretion and shall be in the best interest of the child.

§ 452.375.9.[2] Parenting plans must set forth "[t]he suggested amount of child support to be paid by each party[.]" § 452.310.7(3)(a). Because child support is required to be in the parenting plan and a parenting plan is required for any custody determination, we cannot agree with Husband's contention that the parties were not required to adhere to the child support figures contained in the parenting plan.

■ The parenting plan was incorporated by reference into the judgment, thus bringing all provisions of the parenting plan into the judgment. Moreover, the court specifically provided in the judgment "that the custody of the children, visitation *and other responsibilities of the parties* shall be in accordance with the parenting plan adopted and ordered herein, and identified as Schedule A hereto." (emphasis added). " 'The general rules of construction for written instruments are used to construe court judgments.' " *American Family Mut. Ins. Co. v. Hart,* 41 S.W.3d 504, 509 (Mo.App. W.D.2000) (quoting *Dover v. Dover,* 930 S.W.2d 491, 495 (Mo.App. W.D.1996)). "In construing a court's judgment, the words and clauses used in a judgment are to be construed according to their natural and legal import." *Id.* " 'Our task is to ascertain the intention of the [circuit] court in entering the order.' " *Id.* (quoting *Jacobs v. Georgiou,* 922 S.W.2d 765, 769 (Mo.App. E.D.1996)). The judgment entered by the circuit court in this dissolution action provided direction to the parties to the parenting plan as to matters of child custody, visitation, and other responsibilities. Child support was certainly one of the "other responsibilities" contemplated by the court in the parenting plan it adopted.

With this said, we find that the judgment of the trial court is inconsistent in that it requires Husband to pay two different amounts of child support, which are both supported by the evidence presented at the dissolution hearing. Because of this inconsistency, we must remand the cause to the trial court for a determination of the proper child support amount.

■ Before reaching Wife's second point, which challenges the construction of the trial court's award of $21,000 to Wife, it is necessary for us to discuss Husband's single point on appeal, which challenges the trial court's characterization of the $21,000 award as marital property. Hus-

---

2. All statutory references are to RSMo Cum. Supp.1999 unless otherwise indicated.

band asserts that the trial court erred in finding that his workers' compensation award was marital property. Husband was awarded a workers' compensation settlement for an accident that occurred in 1994. While working construction in 1994, Husband fell thirty-five feet, injuring his shoulder, feet and knees. His injuries resulted in his permanent partial disability and he was awarded in excess of $21,000 for those injuries.[3] Husband received the settlement award in 1997, approximately three to four months prior to the couple's separation, at which time, he deposited the settlement award into the couple's joint savings account.

Prior to this deposit, the joint account had a balance of $3,126.66 of the couple's money. After the deposit of the workers' compensation settlement, the couple used funds from the joint account to pay bills and loan payments in advance. Husband withdrew approximately $21,000 from the account in December 1997, when the parties separated. Husband took all but $17.00 out of the joint savings account. Wife took the remaining $17.00 from the account and closed it.

The trial court said the following as it related to the characterization and distribution of the workers' compensation settlement award:

> The Court in dividing the assets, has considered the arguments of the parties on the issue of the worker's compensation award. In finding it to be marital property, the Court considers this set of facts sufficiently similar to those *In re the Marriage of Tullier*, 989 S.W.2d 607 (Mo.App. S.D.1999).
>
> Respondent's earnings after the injury did not decline, and in fact, increased. If any part of the award was for reduced

earning power, some part of it was for during the marriage. Respondent made no attempt to offer evidence as to what part, if any, of the award was for reduced earning power after the dissolution. The burden rested on Respondent to prove what portion, if any, of the award was intended to replace wages he would have earned after the dissolution.

However, even had such evidence been forthcoming on these issues, the property would remain marital under *Tullier, supra*, l.c. 612, because the award was placed and retained in a joint account with Petitioner until Respondent removed it after their separation. The presumption is that the property became marital property, and clear and convincing evidence is required to show that the transfer was not intended as a gift. No evidence on such issue was forthcoming from Respondent, much less clear and convincing evidence.

The trial court then awarded Wife, as her sole and separate property, "[c]ash from savings to equalize property division" in the amount of $21,000.

■ Even if Husband had established that a portion of the workers' compensation award was intended to compensate him for lost earnings after the dissolution, and would thus be non-marital property, *Wilk v. Wilk*, 781 S.W.2d 217, 223 (Mo. App. E.D.1989), this evidence would have been pointless because of the way Husband handled the award. While we agree with Husband's contention that "[p]roperty which would otherwise be nonmarital property shall not become marital property solely because it may have become commingled with marital property," § 452.330.4, when Husband placed his sep-

---

**3.** There is some discrepancy in the record as to the exact amount of the workers' compensation settlement. Wife testified that the set-

tlement totaled $21,318.93 while an exhibit at trial shows a deposit was made on July 15, 1997 in the amount of $21,252.04.

arate property into the joint savings account in both Husband and Wife's names, a rebuttable presumption was created that the property became marital property. *In re Marriage of Tullier*, 989 S.W.2d 607, 612 (Mo.App. S.D.1999) (quoting *In re Marriage of Jennings*, 910 S.W.2d 760, 763 (Mo.App. S.D.1995)). This presumption is rebutted only upon a showing of clear and convincing evidence that the transfer was not intended as a gift. *Id.* (quoting *Jennings*, 910 S.W.2d at 763). Husband failed to present any evidence, much less clear and convincing evidence, proving that he did not intend for the $21,000 deposit into the couple's joint savings account to be a gift. Thus, the trial court did not err in determining that the workers' compensation award was marital property. Point denied.

■ We now consider Wife's second point on appeal where she contends that the trial court erred in awarding her $21,000 from a savings account without entering a corresponding judgment, leaving her without a means of enforcing the award. Wife asserts that without a judgment for $21,000, she is denied the benefits of the award because she cannot collect the money from Husband. Husband argues that "[t]he Court obviously was confused as to the existence of the $21,000.00 for the Court awarded Mrs. Holsman $21,000.00 in cash from savings. It was obvious the Court believed that there was $21,000.00 in a savings account; however there was no evidence to support the Court's finding." He argues that a bank account never existed and he "never claimed the funds were in existence and only claimed that the funds taken were his non-marital property, for he did not want the Court to take the amount into consideration [when] dividing marital property." He asks this court to remand the cause to the trial court for a hearing to determine the meaning of the judgment.

The trial court, in its judgment, awarded to Wife as her sole and separate property, "[c]ash from savings to equalize property division" in the amount of $21,000. The evidence is undisputed that Husband received a workers' compensation award approximately three months prior to the couple's separation in an amount in excess of $21,000; that the award was deposited into the couple's joint savings account; and that at the time of separation, Husband withdrew approximately $21,000 from the joint savings account. But, there is no evidence in the record as to what happened to this money. We do not have any information as to whether the $21,000 existed at the time of the hearing, if Husband properly spent the $21,000 he withdrew from the joint account on living expenses, or if he squandered the funds inappropriately and the trial court intended to impute the value of the asset to Husband as a form of punishment. Because the record is incomplete, we must reverse and remand the issue to the trial court. Moreover, since this sum represents a significant part of the marital property division and thereby impacts the entire division of marital property, the trial court may take additional evidence if needed to enable it to properly divide and dispose of all marital property.

We need not address Wife's third point on appeal because the trial court will reconsider all of the marital property and debt on remand and make an appropriate distribution thereof.

The judgment is reversed and remanded for the trial court to determine the correct amount of child support to be paid by Husband, and to enter an appropriate division of all marital property and debt.

All concur.