Linda J. JOHANNSEN, Plaintiff–
Appellant,

v.

Donald J. McCLAIN, Defendant–
Respondent.

No. 28136.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 16, 2007.

Gary W. Allman, Allman, Ingrum & Wilson, P.C., Hollister, for Appellant.

Daniel E. Kirsch, Kirsch Law Office, LLC, Kimberling City, for Respondent.

THEODORE B. SCOTT, Senior Judge.

Linda J. Johannsen ("Johannsen") filed a petition seeking the partition and equal

apportionment of land and a house of which she was a co-tenant with Donald J. McClain ("McClain"). After a bench trial, the court entered judgment in favor of McClain. Johannsen appeals.

Johannsen and McClain began a relationship in 1983. Although the couple never married, they did eventually begin living together. In 2001, McClain purchased a home in Kimberling City, Missouri, and the couple moved into the new home. Although Johannsen paid none of the purchase price of the home, she was listed as a grantee on the deed and the trial court found that they took title to the property as tenants in common.

In reviewing a court-tried case, we will sustain the trial court's decision unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[1] A reviewing court will set aside a judgment on the basis of insufficient evidence only when it is left with a strong impression that the judgment is wrong. *Id.* "When reviewing a court-tried case, we view all evidence and inferences in the light most favorable to the judgment and disregard contrary evidence and inferences." *Ortmann v. Dace Homes, Inc.,* 86 S.W.3d 86, 88 (Mo.App. E.D.2002). Additionally, this Court defers to the trial court's determinations regarding the credibility of witnesses. *Landers v. Sgouros,* 224 S.W.3d 651, 655 (Mo.App. S.D.2007).

As her sole point on appeal, Johannsen argues that the trial court erred by entering judgment in favor of McClain and in not granting her claim for partition and equal apportionment of its proceeds.

McClain and Johannsen hold title to the property as tenants in common as they were both named as grantees in the deed and were not married at the time of the granting. Section 442.450.[2] A co-tenant may move for a partition of the property. Section 528.030. Partition is governed by Section 528.030 and Rule 96.[3] Section 528.030 provides that

> In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee ... it shall be lawful for any one or more of the parties interested therein ... to file a petition ... asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties' interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all the parties, according to their respective rights and interests.

In a partition action, the trial court first determines each party's interest in the property. Rule 96.08. In Missouri, there is a presumption that, unless the deed specifies otherwise, co-tenants take equal undivided interests in the property. *Food Services Corp. v. Rheam,* 145 S.W.3d 484, 493 (Mo.App. S.D.2004); *Christen v. Christen,* 38 S.W.3d 488, 492 (Mo.App. S.D.2001). However, this presumption may be rebutted if a party can present proof of disproportionate contribution to the purchase of the property as long is there is also neither a family relationship

---

1. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule 84.13(d).

2. All references to statutes are to RSMo (2000) unless otherwise noted.

3. All references to rules are to Missouri Rules of Civil Procedure (2006) unless otherwise noted.

between the co-tenants or evidence of donative intent by the party who contributed more than his pro rata amount towards the purchase price. *Christen,* 38 S.W.3d at 492; *Clark v. Dady,* 131 S.W.3d 382, 389 (Mo.App. W.D.2004).

As McClain contributed all of the purchase price and there exists no family relationship between him and Johannsen, the sole issue that Johannsen raises is whether or not donative intent was present when McClain had her listed as a co-tenant on the deed. Relying on *Holsman v. Holsman,* 49 S.W.3d 795 (Mo.App. W.D. 2001), and *Estate of Oden v. Oden,* 905 S.W.2d 914 (Mo.App. E.D.1995), Johannsen argues that McClain was required to show, by clear and convincing evidence, that there was no donative intent present when the deed was created. McClain, however, cites to *Wills v. Townes Cadillac–Oldsmobile, Inc.,* 490 S.W.2d 257 (Mo.1973), and *Michler v. Krey Packing Co.,* 363 Mo. 707, 253 S.W.2d 136 (Mo. banc 1952), for the proposition that he was only required to present substantial evidence that no donative intent was present in order to rebut the presumption.

*Holsman* was a marriage dissolution case and stated the well settled law that when a spouse commingles separate property with marital property, a rebuttable presumption arises that the property becomes marital property. 49 S.W.3d at 798–99. The presumption can be rebutted by clear and convincing evidence. *Id.* at 799. *Oden,* however, stands for the proposition that in an action to set aside a deed, relief will only be granted upon a basis of clear and convincing evidence. 905 S.W.2d at 919.

*Wills* involved an issue regarding whether an employee of the defendant was acting within the scope of his employment when the incident giving rise to the cause of action occurred. 490 S.W.2d at 258. The *Wills* court noted that based on the evidence presented, a presumption arose that the employee was acting within his scope of employment, but if substantial controverting evidence was introduced, the presumption would disappear. *Id.* at 259–60. In *Michler,* the court was faced with the issue of whether a widow had actually been married to her alleged husband prior to his death. 253 S.W.2d at 137. Both parties sought to rely on contrasting presumptions to support their respective claims. *Id.* at 139. The *Michler* court held that "[w]hen substantial evidence is introduced by the party against whom a presumption operates controverting the presumed fact, then its existence or non existence is to be determined from the evidence, exactly as if no presumption had ever been operative in the case." *Id.* at 140.

We are bound by the most recent Supreme Court of Missouri opinion. *Kinner v. Scott,* 216 S.W.3d 715, 719 (Mo.App. S.D.2007); *State v. Burgin,* 203 S.W.3d 713, 717 (Mo.App. E.D.2006). In both *Wills* and *Michler,* our Supreme Court has set forth the general rule that when a presumption is operating against a party, that party need only introduce substantial controverting evidence to rebut that presumption. For this reason, we hold that McClain needed to only introduce substantial evidence of no donative intent to rebut the presumption of equal, undivided shares in the property at issue.

McClain testified that, in preparing the deed, he had told his real estate broker that he wanted Johannsen to receive the property if he should die. His intention was to create a beneficiary deed, or transfer on death provision in favor of Johannsen, as he had already done on one of his vehicles. Additionally, Johannsen admitted that McClain's intent was only for her to receive the house in the event of his death. Johannsen argues that this intent is sufficient donative intent so as to

prevent McClain from rebutting the presumption of equal, undivided shares in the property. Both parties admitted at oral arguments that, if the real estate agent had properly acted in accord with McClain's intent, a beneficiary deed would have been created. However, this did not occur. Missouri law is clear that no enforceable interest is created in the designee of a beneficiary deed during the lifetime of the owner of the property. *See* Section 461.033. Based on McClain's testimony and Johanssen's admission, it is clear that McClain did not intend Johanssen to receive a present, equal, undivided share in the property. As such, McClain has demonstrated substantial evidence that he did not possess donative intent.

We find no error in the trial court's decision, therefore, the judgment of the trial court is affirmed.

LYNCH, C.J., and BARNEY, P.J., concur.