**Nora E. HOTH, Appellant,**

v.

**Michael William HOTH, Respondent.**

**No. SD 30751.**

Missouri Court of Appeals, Southern District, Division Two.

April 11, 2011.

James R. Sharp, Sharp & Bredesen, Springfield, MO, for Appellant.

Stuart H. King, Hosmer King & Royce, P.C., Springfield, MO, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Michael and Nora Hoth married, divorced, remarried, divorced again, then cohabited from 1998 to 2008 without further remarriage. In 2006, Michael bought a house and five acres with his own money. Without discussion with Nora, Michael put both of their names on the deed in case "something happened" to him. Thereafter, Nora, Michael, and Michael's mother lived on the property. Michael paid the real estate taxes and other bills.

Nora and Michael ended their relationship in 2008. Nora moved out and sued to partition the property, claiming half ownership. A bench trial was held with Nora and Michael as the only witnesses. The court found that Nora and Michael were tenants in common, but Michael was the sole owner. Nora challenges the latter finding.[1]

### Analysis

The operative facts are not in dispute and the applicable law is fairly straightforward. We must affirm the judgment unless it is not supported by substantial

---

1. A $1,600 equitable lien awarded to Nora for her property improvements is not at issue.

evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Johannsen v. McClain,* 235 S.W.3d 86, 87 (Mo.App.2007). As unmarried co-grantees by deed, Nora and Michael held the property as tenants in common.[2] *Id.* Nora could seek partition, requiring the trial court to determine each party's interest in the property. *Id.* Equal co-ownership was presumed since the deed did not state otherwise. *Id.* Michael could rebut this presumption with substantial evidence that he (1) disproportionally contributed to the purchase, (2) had no family relationship with Nora, and (3) lacked donative intent toward her. *Id.* at 87–88.[3]

Nora concedes elements (1) and (2) above, but challenges the sufficiency of evidence that Michael lacked donative intent. As to this issue, Michael testified that he added Nora's name to the deed "simply because the line of work that I was in, something could happen to me, and that would give her, it would just carry on to her. My mother lived there, it would secure a place for my mom to live and my children in the future."

Michael's later testimony was consistent in this regard:

Q. Okay. So, why did you allow her name to be placed on the title to the property?

A. Basically I did that because my mother was with us, so that would carry on, without going through probate, and it would just carry on to Nora. She could reside there along with my mother and it was secured in the future for our children.

Q. Did you ever have any discussions with Ms. Hoth at the time to the effect that you were making some gift to her, or donating to her some equity in this property?

A. No.

Q. Was this an in case something happens to me in the future?

A. Correct.

. . .

Q. So, you wanted to put Nora's name on the deed?

A. Nora's name was on the deed, yes.

Q. You wanted—you did that because you wanted to provide for your mother?

A. Well, I wanted to make sure that the house was passed on. I knew that if something happened to me, if I got killed in a car wreck or whatever, that Nora would live there, and she would let my mother live there, her and my mom had a good relationship. Plus it would secure the house for our children, if they needed a place to live.

Nora disputes none of this. To the contrary, she cites Michael's testimony as proof that "he had donative intent and he did not rebut the presumption of equal ownership as a matter of law." We cannot agree.

The trial court obviously and appropriately concluded that Michael intended Nora to have an interest in the property only when and if she survived him. We

---

**2.** That the deed erroneously described Michael and Nora as "husband and wife" does not change this result since they were not actually married. *See Clark v. Dady,* 131 S.W.3d 382, 387 (Mo.App.2004).

**3.** *Hoit v. Rankin,* 320 S.W.3d 761, 765–73 (Mo.App.2010) surveys Missouri caselaw in purporting to clarify that the presumption may be rebutted without proving all three of these elements. Nonetheless, Nora agrees that proving all three can rebut the presumption and she concedes two of them, so it is simplest to analyze the case this way.

accept such inferences and defer to such conclusions on appeal. *Johannsen,* 235 S.W.3d at 87.

Michael could not have intended—simultaneously—to give Nora the same interest *both* presently *and also only* upon his death, as these are mutually exclusive as a practical matter. Michael's consistent, uncontroverted description of an intent solely *causa mortis* thus showed that he intended to convey no *present* interest, which is the issue. *See Hoit,* 320 S.W.3d at 773; *Johannsen,* 235 S.W.3d at 89.

Like this case, *Johannsen* involved an unmarried couple who moved into a home bought by the man (McClain). Although Johannsen paid none of the purchase price, she was named as a grantee in the deed, so title was held as tenants in common. McClain testified that in preparing the deed, he had "wanted Johannsen to receive the property if he should die." 235 S.W.3d at 88. Because McClain sought, in effect, a beneficiary deed, this court found it "clear that McClain did not intend Johannsen to receive a present, equal, undivided share in the property. As such, McClain has demonstrated substantial evidence that he did not possess donative intent." *Id.* at 89.

Similar observations were made in *Hoit,* where there was "uncontested evidence that the Hoits' intended the Rankins to take ownership of the House, but only on the Hoits' deaths." 320 S.W.3d at 772.

The Rankins argue that the use of a joint tenancy deed, instead of a beneficiary deed, requires us to conclude that the Hoits knew what they were doing and intended a present gift of at least a 50% interest in the House to the Rankins. However, there was evidence which permitted the trial court to conclude to the contrary. . . .

Moreover, the Hoits would certainly have been free to revoke or modify their future donative intent had it been reflected in a beneficiary deed or in a will. We see no logical basis for differentiating between these estate planning tools and a joint tenancy deed if the evidence supports a conclusion that a present gift of ownership was not intended. . . .

We find no error, therefore, in the trial court's award of the House in its entirety to the Hoits. The presumption of equal ownership of the House afforded by the deed, which was otherwise silent on the subject of ownership shares, was rebutted by the uncontested evidence that the Hoits contributed 100% of the cost to acquire the House, and by the absence of evidence that the Hoits' unequal contribution toward purchase of the House could be explained by their intent to make a present and irrevocable gift to the Rankins.

*Id.* at 772–73 (footnote references omitted).

### Conclusion

Michael offered sufficient evidence to rebut the presumption of co-ownership, which basically was the whole of Nora's claim as she offered no evidence of consequence and admittedly paid nothing toward the property. The judgment is supported by substantial evidence, does not misapply the law, and is affirmed.[4]

RAHMEYER, P.J., and BATES, J., concur.

---

4. We deny Michael's motions to strike part of the legal file and for damages for frivolous

appeal, which were taken with the case.