In the Missouri Court of Appeals
 Western District

 PATRICK M. SYMINGTON, )
 Appellant, ) WD83902
 v. )
 )
 STATE OF MISSOURI, ) FILED: December 21, 2021
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
 THE HONORABLE PATRICK K. ROBB, JUDGE

 BEFORE DIVISION THREE: LISA WHITE HARDWICK, PRESIDING JUDGE,
 GARY D. WITT AND EDWARD R. ARDINI, JR., JUDGES

 Patrick Symington appeals the denial of his Rule 29.15 motion after he was

convicted of enticement of a child. He contends the motion court erred in not

allowing him to testify in person during the evidentiary hearing. For reasons

explained herein, we affirm.

 FACTUAL AND PROCEDURAL HISTORY

 The State charged Symington with committing the felony of enticement of a

child for soliciting a 14-year-old girl by suggesting in a Facebook message that

she come over to his house, and that he did so for the purpose of engaging in

sexual conduct with her. Before trial, Symington filed a signed, written waiver of

his right to a jury trial and a request for a bench trial. In a pretrial hearing, the
court explained to Symington in detail the jury trial process, including the

selection of jurors, jury instructions, and the requirement of jury unanimity, and

the similarities and differences between a jury trial and a bench trial. The court

then questioned Symington about his decision to waive his right to a jury trial:

 THE COURT: All right. And so knowing all of this, knowing
 what a jury trial is involved and what a court trial is involved [sic]—
 and I assume you’ve discussed these kind of issues with [defense
 counsel]. Is that correct?

 THE DEFENDANT: Yes, Your Honor.

 THE COURT: All right. And is it your decision to waive your
 right to a trial by jury and have the Court make those decisions?

 THE DEFENDANT: Yes, Your Honor.

 THE COURT: All right. Has anyone promised you anything—

 THE DEFENDANT: No, Your Honor.

 THE COURT: --or threatened you in any way to get you to do
 that?

 THE DEFENDANT: No, Your Honor.

 THE COURT: Is this a voluntary decision on your part?

 THE DEFENDANT: Yes, it is.

 THE COURT: All right. Was [defense counsel] willing to try the
 case to a jury trial [sic] if you wanted to go to a jury trial?

 THE DEFENDANT: Absolutely. It’s been discussed very
 thoroughly.

 2
 THE COURT: Okay. So this has been some matter that’s not
 something you just came up with. This is something you’ve been
 discussing and thinking about?

 THE DEFENDANT: Yes, Your Honor.

 THE COURT: All right. Anything else you want to add, Mr.
 Symington, regarding your decision?

 THE DEFENDANT: No.

 The court then found that Symington had voluntarily and knowingly waived

his right to a jury trial. After the court announced its intention to proceed with a

bench trial, defense counsel informed the court that the prosecutor had promised

that she would not file any additional charges against Symington concerning the

victim or another witness in the case in exchange for Symington’s waiver of his

right to a jury trial. The prosecutor confirmed that the defense had approached

her and offered to waive Symington’s right to a jury trial in exchange for her not

filing any additional charges, and she had agreed.

 A bench trial was held. The court found Symington guilty of enticement of

a child and sentenced him to eight years in prison. We affirmed his conviction

and sentence on direct appeal in a per curiam order. State v. Symington, 548

S.W.3d 921 (Mo. App. 2017).

 Symington filed a pro se Rule 29.15 motion, which was later amended by

appointed counsel. In his amended motion, Symington alleged, inter alia, that

defense counsel was ineffective for utilizing “scare tactics to force [him] into

 3
waiving a jury trial.” He asserted that, if he had not been threatened, he would

have demanded a jury trial and that it was reasonably probable that the outcome

of the trial would have been different.

 The motion court granted Symington’s request for an evidentiary hearing.

The court ordered, however, that Symington not be transported back to Buchanan

County for the hearing but that his testimony be presented by deposition pursuant

to Rule 29.15(i). Symington filed six exhibits in support of his Rule 29.15 motion,

including his deposition testimony and an affidavit requesting to appear in person

for the hearing and asserting that the failure to honor his request would violate

his right to due process. In his deposition, Symington testified that defense

counsel told him that it was in his best interest to have a bench trial because the

State was considering charging him with a second count of enticement involving

a different victim. He also testified that defense counsel told him that a second

charge would increase the range of punishment from five to 30 years in prison to

10 to 60 years in prison. Symington stated that he did not want to waive his right

to a jury trial but did so “in a state of fear” and “under duress.” The State did not

offer any evidence.

 The motion court entered its judgment denying Symington’s Rule 29.15

motion. The court found that Symington’s claim that he was forced to waive his

right to a jury trial was refuted by his signed, written waiver of his right to a jury

trial and request for a bench trial and his statements to the court in support of his

written waiver during the pretrial hearing. Symington appeals.

 4
 STANDARD OF REVIEW

 We review the denial of a post-conviction motion for clear error. Rule

29.15(k). The motion court’s findings and conclusions are clearly erroneous only

if a review of the entire record leaves us with a definite and firm impression that a

mistake was made. Shockley v. State, 579 S.W.3d 881, 892 (Mo. banc 2019). We

presume the motion court’s findings and conclusions are correct. Id.

 ANALYSIS

 In his sole point on appeal, Symington contends the motion court clearly

erred in denying his jury trial waiver claim in his Rule 29.15 motion because it did

not allow him to testify in person at the evidentiary hearing. Rule 29.15(i)

specifically states that a movant “need not be present” during the evidentiary

hearing and allows the motion court to order that the movant’s testimony “be

received by deposition.” Symington argues, however, that the court’s decision

not to allow him to testify in person violated his right to due process. He asserts

that, to decide his jury trial waiver claim, the motion court was required to weigh

his credibility at two different times – when he waived his right to a jury trial

during the pretrial hearing and when he was supporting his Rule 29.15 claim – and

the court could not properly do so without observing him testify in person at the

evidentiary hearing.

 To support his contention that his right to due process was violated,

Symington relies on the principle stated in Beckwith v. Giles, 32 S.W.3d 659, 663

 5
(Mo. App. 2000), that due process may require an incarcerated litigant’s personal

attendance in a civil matter “where there are no reasonable alternatives to access

the court and a substantial and irreparable prejudice will result from the failure to

attend the proceedings.” What Symington fails to acknowledge is that one of the

“reasonable alternatives” to personal attendance that the court in Beckwith noted

with approval is the incarcerated litigant’s “conventional deposition” testimony.

Id.

 Furthermore, Symington cites no authority for his assertion that his

deposition testimony was not a reasonable alternative because the motion court

could not properly judge his credibility unless it observed him testify in person.

The motion court’s authority to assess deposition testimony is no different from

its authority to assess in-person testimony. See Durst v. State, 584 S.W.3d 817,

820-21 (Mo. App. 2019). “In exercising its fact-finding function, the motion court

[is] free to consider, evaluate, and determine the credibility of [m]ovant’s

evidence, in whatever form offered and admitted, and this court defers to that

function and those determinations.” Id. at 821 (emphasis added). The motion

court in this case implicitly found Symington’s written jury trial waiver and his

statements to the court in support of that waiver during the pretrial hearing to be

more credible than his postconviction deposition testimony, and we defer its

 6
decision to do so.1 The motion court did not clearly err in denying Symington’s

Rule 29.15 motion.

 CONCLUSION

 The judgment is affirmed.

 ____________________________________
 LISA WHITE HARDWICK, JUDGE
 ALL CONCUR.

1
 Symington notes that, in its judgment, the motion court restated his pretrial hearing testimony
regarding his jury trial waiver, did not discuss his deposition testimony, and did not mention
credibility. The motion court’s reliance on Symington’s pretrial hearing testimony indicates that it
found that testimony more credible than his deposition testimony. We defer to the circuit court’s
credibility determinations, both explicit and implicit. See Am. Eagle Waste Indus., LLC v. St. Louis
Cty., Mo., 463 S.W.3d 11, 27 (Mo. App. 2015) (citing In re Marriage of Mapes, 848 S.W.2d 634, 638
(Mo. App. 1993), for the proposition that the court’s judgment “can reveal the court’s implicit
credibility determinations” to which appellate courts must defer).

 7